**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**LEON SMITH,**

                           **Plaintiff,**

  vs.                                                     **6:16-CV-543
                                                                  (MAD/TWD)**

**PETER PALADINO,** *Department of Public Safety,
Bureau of Police*; **SCOTT D. MCNAMARA,** *District
Attorney, Oneida County*; **CORY A. ZENNAMO,**
*Assistant Public Defender*; **JOHN DOE,** *Police Officer,
Bureau of Police*; **ANTHON R. CARVELLI,**
*Commissioner, Oneida County*; **JOHN DOE,** *Inspector
General, Oneida County*; **and MICHAEL DWYER,**
*Judge, Oneida County*,

                           **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**LEON SMITH**
**15-B-1619**
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

      Plaintiff commenced this action on May 11, 2016, alleging various civil rights violations pursuant to 42 U.S.C. § 1983. *See* Dkt. No. 1. Plaintiff's claims stem from a February 23, 2015 encounter with various police officers and his conviction that eventually resulted from that encounter. *See id.*

      In a May 24, 2016 Order and Report-Recommendation, Magistrate Judge Dancks granted Plaintiff's application for leave to proceed *in forma pauperis* and performed an initial review of the complaint. *See* Dkt. No. 5. First, Magistrate Judge Dancks found that Plaintiff's claims are

likely barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because granting the relief requested would call into question Plaintiff's underlying conviction. *See id.* at 6-7. At this stage, however, Magistrate Judge Dancks found that it was premature to rule on this issue. *See id.* at 7. Next, Magistrate Judge Dancks recommended that the Court find that Defendant Oneida County Court Judge Michael Dwyer is entitled to judicial immunity as to the allegations against him and that the claims against him should be dismissed with prejudice. *See id.* at 8-9. Similarly, the Order and Report-Recommendation found that Defendant Scott McNamara, as Oneida County District Attorney, is entitled to prosecutorial immunity to the extent that Plaintiff is attempting to pursue claims for false arrest or malicious prosecution. *See id.* at 9-10.

Next, the Order and Report-Recommendation found that the Court should dismiss Plaintiff's claims against Defendant Public Defender Cory Zennamo because private attorneys, including public defenders, are not acting under color of state law when performing traditional functions as defense counsel. *See* Dkt. No. 5 at 12-13. In light of his *pro se* status, however, Magistrate Judge Dancks recommended that the Court dismiss the claims against Defendant Zennamo "in the unlikely event Plaintiff is able to allege facts plausibly showing that Zennamo was a willful participant with a state actor in the violations of his constitutional rights." *Id.* Thereafter, Magistrate Judge Dancks recommended the Court dismiss the complaint without prejudice as against Defendant Anthony Carvelli, who is the Commissioner of Finance for Oneida County, because Plaintiff failed to provide any factual allegations pertaining to him. *See id.* at 13. As to the John Doe Police Officer, the Order and Report-Recommendation found that the allegations against this Defendant were largely unintelligible and provide the Court no basis for assessing the sufficiency of any such claims. As such, dismissal without prejudice was recommended as to Defendant John Doe Police Officer. *See id.* at 14. Next, Magistrate Judge

Dancks found that the complaint should be dismissed without prejudice against the unidentified Inspector General for the District Attorney because the complaint is devoid of factual allegations showing this Defendant's connection to or involvement, if any, with Plaintiff's arrest or conviction. *See id.* at 15-16. Finally, Magistrate Judge Dancks recommended that the Court find that the false arrest claim as to Defendant Peter Paladino survives initial review. *See id.*

Although neither party objected to Magistrate Judge Dancks' Order and Report-Recommendation, Plaintiff did file a letter motion discussing basic conditions at the facility in which he is housed. *See* Dkt. No. 13. Currently before the Court are Magistrate Judge Dancks' Order and Report-Recommendation and Plaintiff's letter motion.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice

3

is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

Having carefully reviewed Magistrate Judge Dancks' Order and Report-Recommendation, Plaintiff's complaint, and the applicable law, the Court finds that Magistrate Judge Dancks' correctly determined that only Plaintiff's false arrest claim against Defendant Paladino survives initial review. Further, it was correctly determined that the claims against Defendants Dwyer and McNamara should be dismissed with prejudice on absolute immunity grounds. Finally, Plaintiff failed to plausibly allege any claims against Defendants Zennamo, Carvelli, John Doe Police Officer, and John Doe Inspector General and, in light of his *pro se* status, the claims against these Defendants are dismissed without prejudice and with leave to amend.

As to Plaintiff's letter motion, the Court finds that Plaintiff has failed to identify any relief that the Court can provide. Plaintiff repeatedly mentions that he is being denied access to a "notary," but it is unclear why he needs access to a notary and how such access is in any way related to this case. Further, to the extent that Plaintiff is asking the Court to enjoin individuals who are not named as defendants in this action, such relief must be denied. *See McAllister v. Goord*, No. 9:06-CV-0442, 2009 WL 5216953, *2 (N.D.N.Y. Dec. 30, 2009) (denying request for injunctive relief which was unrelated to claims set forth in the underlying pleading); *McKinnon v. Tresman*, No. 3:02CV2305, 2004 WL 78091, *1 (D. Conn. Jan. 9, 2004) (citing *Devose v.*

4

*Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (denying the inmate plaintiff's motion for preliminary injunction when the inmate's complaint alleged denial of adequate medical treatment and his motion for preliminary injunction sought relief for alleged retaliation based on filing the underlying lawsuit)); *see also Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Stewart v. United States I.N.S.*, 762 F.2d 193, 198-99 (2d Cir. 1985) (holding that preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); *Williams v. State University of New York*, 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) (holding that "prior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief"); *In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction" (citation omitted)). Based on the foregoing, the Court denies Plaintiff's letter request.

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that the claims against Defendants Dwyer and McNamara are **DISMISSED with prejudice**; and the Court further

**ORDERS** that the claims against Defendants Zennamo, Carvelli, John Doe Police Officer, and John Doe Inspector General are **DISMISSED without prejudice**; and the Court further

**ORDERS** that Defendant Paladino, or his counsel, is required to file a response as provided for in Rule 12 of the Federal Rules of Civil Procedure; and the Court further

**ORDERS** that, if Plaintiff would like to proceed with any of the claims that the Court dismissed without prejudice, any amended complaint must be filed within **THIRTY (30) DAYS** from the date of this Order;[1] and the Court further

**ORDERS** that Plaintiff's letter motion (Dkt. No. 13) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 21, 2016
       Albany, New York

_Mae A. D'Agostino_
U.S. District Judge

---

[1] Any amended complaint must be a complete pleading that supercedes the original complaint in all respects and does not incorporate by reference any portion of the original complaint. Plaintiff may not attempt to reassert any claims that have been dismissed with prejudice by the Court. Moreover, Plaintiff must comply in all respects with Rules 8(a) and 10(b) of the Federal Rules of Civil Procedure, which require, among other things, that the amended complaint contain a short and plain statement of each claim showing that Plaintiff is entitled to relief and that he state his claims in numbered paragraphs, each limited as far as practical to a single set of circumstances.